















JPP    4/7/04    14:09

3:04-CV-00701   CHEUNG V. TITAN CORPORATION

*1*

*CMP.*

1   GERGOSIAN & GRALEWSKI LLP
    EDWARD M. GERGOSIAN (105679)
2   ROBERT J. GRALEWSKI, JR. (196410)
    550 West C Street, Suite 1600
3   San Diego, CA 92101
    Telephone: (619) 230-0104
4   Facsimile: (619) 230-0124

5   SCHRIFFRIN & BARROWAY, LLP
    MARK A. TOPAZ
6   RICHARD A. MANISKAS
    Three Bala Plaza East
7   Suite 400
    Bala Cynwyd, PA 19004
8   (610)-667-7706

9   CAULEY GELLER BOWMAN &
    RUDMAN, LLP
10  SAMUEL H. RUDMAN
    DAVID A. ROSENFELD
11  200 Broadhollow Road, Suite 406
    Melville, NY 11747
12  (631)-367-7100

13

    Attorneys for Plaintiffs
14

                    UNITED STATES DISTRICT COURT
15
                  SOUTHERN DISTRICT OF CALIFORNIA
16

17  JANET CHEUNG, Individually and On      )  Case No. **04 CV   0701** JAH (LSP)
    Behalf of All Others Similarly Situated, )
                                            )  CLASS ACTION
18                    Plaintiffs,           )
                                            )  COMPLAINT FOR VIOLATIONS OF
19          v.                              )  THE FEDERAL SECURITIES LAWS
                                            )
20  THE TITAN CORPORATION, GENE            )
    RAY, MARK SOPP, AND DEANNA             )  JURY TRIAL DEMANDED
21  LUND                                   )
                                            )
22                    Defendants.           )
                                            )
23  ─────────────────────────────────────

24

25

26

27

28

                                              CLASS ACTION COMPLAINT

FILED

04 APR -6 PM 12: 30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1     Plaintiff, Janet Cheung ("Plaintiff"), individually and on behalf of all other persons

2 similarly situated, by her undersigned attorneys, for her complaint against defendants, alleges

3 the following based upon personal knowledge as to herself and her own acts, and information

4 and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and

5 through her attorneys, which included, among other things, a review of the defendants' public

6 documents, conference calls and announcements made by defendants, United States Securities

7 and Exchange Commission ("SEC") filings, wire and press releases published by and regarding

8 The Titan Corporation ("Titan" or the "Company") securities analysts' reports and advisories

9 about the Company, and information readily obtainable on the Internet.  Plaintiff believes that

10 substantial evidentiary support will exist for the allegations set forth herein after a reasonable

11 opportunity for discovery.

12                                  **NATURE OF THE ACTION**

13     **1.**     This is a federal class action on behalf of purchasers of the common stock of

14 Titan between July 24, 2003 and March 22, 2004, inclusive (the "Class Period"), seeking to

15 pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

16                                  **JURISDICTION AND VENUE**

17     2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a)

18 of the Exchange Act, (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder

19 (17 C.F.R. §240.10b-5).

20     3.     This Court has jurisdiction over the subject matter of this action pursuant to §27

21 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

22     4.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15

23 U.S.C. § 78aa and 28 U.S.C. § 1391(b).  Many of the acts and transactions alleged herein,

24 including the preparation and dissemination of materially false and misleading information,

25 occurred in substantial part in this Judicial District.  Additionally, the Company maintains a

26 principal executive office in this Judicial District.

27     5.     In connection with the acts, conduct and other wrongs alleged in this complaint,

28 defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

1   including but not limited to, the United States mails, interstate telephone communications and

2   the facilities of the national securities exchange.

## PARTIES

4        6.    Plaintiff Janet Cheung bought shares of Titan during the Class Period and has

5   suffered damages as a result of the wrongful acts of defendants as alleged herein.

6        7.    Defendant Titan is a Delaware corporation that maintains office within this

7   judicial district at 3033 Science Park Road, San Diego, California 92121-1199.

8        8.    Defendant Gene Ray ("Ray"), at all relevant times, was the Company's Chief

9   Executive Officer and Chairman of the Board

10        9.    Defendant Mark Sopp ("Sopp"), at all relevant times, was the Company's Senior

11   Vice President and Chief Financial Officer

12        10.    Defendant Deanna Lund ("Lund"), at all relevant times, was the Company's Vice

13   President, Corporate Controller, and Principal Accounting Officer.

14        11.    Defendants Ray, Sopp, and Lund are collectively referred to hereinafter as the

15   "Individual Defendants." During the Class Period, each of the Individual Defendants, as senior

16   executive officers and/or directors of Titan were privy to non-public information concerning its

17   business, finances, products, markets and present and future business prospects via access to

18   internal corporate documents, conversations and connections with other corporate officers and

19   employees, attendance at management and Board of Directors meetings and committees thereof

20   and via reports and other information provided to them in connection therewith. Because of

21   their possession of such information, the Individual Defendants knew or recklessly disregarded

22   the fact that adverse facts specified herein had not been disclosed to, and were being concealed

23   from, the investing public.

24        12.    Because of the Individual Defendants' positions with the Company, they had

25   access to the adverse undisclosed information about the Company's business, operations,

26   operational trends, financial statements, markets and present and future business prospects via

27   access to internal corporate documents (including the Company's operating plans, budgets and

28   forecasts and reports of actual operations compared thereto), conversations and connections

1   with other corporate officers and employees, attendance at management and Board of Directors

2   meetings and committees thereof and via reports and other information provided to them in

3   connection therewith.

4         13.     It is appropriate to treat the Individual Defendants as a group for pleading

5   purposes and to presume that the false, misleading and incomplete information conveyed in the

6   Company's public filings, press releases and other publications as alleged herein are the

7   collective actions of the narrowly defined group of defendants identified above.  Each of the

8   above officers of Titan, by virtue of their high-level positions with the Company, directly

9   participated in the management of the Company, was directly involved in the day-to-day opera-

10  tions of the Company at the highest levels and was privy to confidential proprietary information

11  concerning the Company and its business, operations, growth, financial statements, and

12  financial condition, as alleged herein.  Said defendants were involved in drafting, producing,

13  reviewing and/or disseminating the false and misleading statements and information alleged

14  herein, were aware, or recklessly disregarded, that the false and misleading statements were

15  being issued regarding the Company, and approved or ratified these statements, in violation of

16  the federal securities laws.

17        14.     As officers and controlling persons of a publicly-held company whose common

18  stock was, and is, registered with the SEC pursuant to the Exchange Act, and was traded on the

19  New York Stock Exchange ("NYSE"), and governed by the provisions of the federal securities

20  laws, the Individual Defendants each had a duty to disseminate prompt, accurate and truthful

21  information with respect to the Company's financial condition and performance, growth,

22  operations, financial statements, business, markets, management, earnings and present and

23  future business prospects, and to correct any previously-issued statements that had become

24  materially misleading or untrue, so that the market price of the Company's publicly-traded

25  common stock would be based upon truthful and accurate information.  The Individual

26  Defendants' misrepresentations and omissions during the Class Period violated these specific

27  requirements and obligations.

28

15.    The Individual Defendants participated in the drafting, preparation, and/or approval of the various public and shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature. Because of their Board membership and/or executive and managerial positions with Titan, each of the Individual Defendants had access to the adverse undisclosed information about Titan's financial condition and performance as particularized herein and knew or recklessly disregarded that these adverse facts rendered the positive representations made by or about Titan and its business issued or adopted by the Company materially false and misleading.

16.    The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

17.    Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Titan common stock by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (1) deceived the investing public regarding Titan's business, operations, management and the intrinsic value of Titan's common stock; and (2) caused Plaintiff and other members of the Class to purchase Titan's common stock at artificially inflated prices.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the common stock of Titan between July 24, 2003 and March 22, 2004, inclusive, (the "Class Period") and who were damaged thereby. Excluded from the Class are

1   defendants, the officers and directors of the Company, members of their immediate families and

2   their legal representatives, heirs, successors or assigns and any entity in which defendants have

3   or had a controlling interest.

4          19.     The members of the Class are so numerous that joinder of all members is

5   impracticable.  While the exact number of Class members is unknown to Plaintiff at this time

6   and can only be ascertained through appropriate discovery, Plaintiff believes that there are

7   hundreds or thousands of members in the proposed Class.

8          20.     Plaintiff's claims are typical of the claims of the members of the Class, because

9   Plaintiffs and all of the Class members sustained damages arising out of defendants' wrongful

10  conduct complained of herein.

11         21.     Plaintiff will fairly and adequately protect the interests of the Class members and

12  has retained counsel who are experienced and competent in class actions and securities

13  litigation.

14         22.     A Class Action is superior to all other available methods for the fair and efficient

15  adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as

16  the damages suffered by individual members of the Class may be relatively small, the expense

17  and burden of individual litigation make it impossible for the members of the Class to

18  individually redress the wrongs done to them.  There will be no difficulty in the management of

19  this action as a class action.

20         23.     Questions of law and fact common to the members of the Class predominate over

21  any questions that may affect only individual members, in that defendants have acted on

22  grounds generally applicable to the entire Class.  Among the questions of law and fact common

23  to the Class are:

24                 a.)     Whether the federal securities laws were violated by Defendants' acts as

25  alleged herein;

26                 b.)     Whether Defendants breached their fiduciary duties by engaging in

27  fraudulent activity; and

28

---

5                                    CLASS ACTION COMPLAINT

1      c.)     Whether the members of the Class have sustained damages and, if so,

2  what is the appropriate measure of damages.

3                     **SUBSTANTIVE ALLEGATIONS**

4                                **Background**

5      24.     The Titan Corporation is a leading provider of comprehensive information and

6  communications systems solutions and services to the Department of Defense, intelligence

7  agencies, and other government customers. The company has approximately 10,000 employees

8  and annualized sales of approximately $1.4 billion.

9  Materially False and Misleading Statements Made During the Class Period

10     25.     The Class Period commences on July 24, 2003.  At that time, Titan reported

11 results for the second quarter and six months ended June 30, 2003, which reflected strong

12 growth in revenue, operating margins, and earnings per share.  Titan reported record quarterly

13 revenues for the second quarter of 2003 of $438 million, an increase of 27% from $346 million

14 in the second quarter of 2002. The increase was a result of 29% organic revenue growth

15 generated by Titan's core national security solutions business.  Net income for the second

16 quarter of 2003 was $5.9 million, or $0.07 per share, compared with a net loss of $11.8 million

17 or ($0.16) per share for the second quarter of 2002. Included in the net income for the second

18 quarter of 2003 was a charge of $12.4 million for debt extinguishment costs and income from

19 discontinued operations of $0.8 million.  Included in the net loss for the second quarter of 2002

20 was a charge of $9.4 million for debt extinguishment costs and a loss from discontinued

21 operations of $16.5 million.  Pro forma net income (1) for the second quarter of 2003 was $14.9

22 million, or $0.18 per share, compared with $12.8 million, or $0.15 per share, for the second

23 quarter of last year.  Pro forma net income in the second quarter of 2003 was up 43%

24 sequentially from pro forma net income of $10.4 million in the first quarter of the year.

25     26.     Commenting on these results, defendant Ray stated:

26         "Titan is on track for a record year of growth and profits[.]" . . .. "We are
           particularly proud of the 29% year-over-year revenue increase in our core
27         national security business, which now accounts for over 99% of our revenues.
           We were also able to ramp up quickly on new contracts, which accelerated
28         program execution and revenue growth.

                                            6                    CLASS ACTION COMPLAINT

1    "Our operating margins improved on a pro forma basis to 7.5% in the second quarter, from 6.6% in the first quarter, as a direct result of our focus on operational efficiencies. In addition, we reduced our Days Sales Outstanding (DSO) to 69 days from 82 days in the prior quarter, which contributed to strong operating cash flow.

"Most important to Titan is our customers' high level of satisfaction, which resulted in Titan being awarded several add-ons to existing contracts as well as several new contract wins. These new wins include a number of substantial, long-term contracts, which we believe will generate sustainable, predictable growth for Titan[.]"

27.    On August 11, 2003, Titan filed its quarterly report on Form 10-Q. The Company's Form 10-Q was signed by the Individual Defendants and reaffirmed the Company's previously announced financial results. Additionally, the Company represented the following:

The accompanying financial information includes substantially all subsidiaries on a consolidated basis and all normal recurring adjustments which are considered necessary by the Company's management for a fair presentation of the financial position, results of operations and cash flows for the periods presented.

28.    On September 15, 2003, Lockheed Martin Corporation ("Lockheed Martin") and Titan jointly announced that they had entered into a definitive agreement for Lockheed Martin to acquire Titan. Under the merger agreement, shareholders of Titan may elect to receive $22 per share in cash, an equivalent amount of Lockheed Martin common stock or a combination. *Shareholders who elect to receive all cash or stock would be subject to pro-ration, so that the* aggregate amount of cash and stock paid would each equal 50 percent of the merger consideration. The total value of this transaction, including the assumption of about $580 million of Titan debt, was approximately $2.4 billion before accumulated tax benefits. Commenting on the merger, defendant Ray stated:

"We are extremely proud of our track record of growth and dedicated service to our nation during our 22-year history[.]" . . . Lockheed Martin is acquiring Titan to expand and grow the business. Together we will offer a broader spectrum of system and IT solutions to our customers. As such, I am confident that this match is a winner for our customers and employees."

29.    On news of this, shares of Titan jumped 25.53%, or $4.33 per share, from $16.96 per share to $21.29 per share on heavy volume.

30.    On October 23, 2003, reported results for the third quarter and nine months ending September 30, 2003. Results reflected record organic growth in revenue, and improved

1   operating margins and earnings per share. The Company also announced an increase in

2   guidance for FY 2003 and FY 2004. The financial results and guidance are attached to this

3   release. Titan reported record quarterly revenues for the third quarter of 2003 of $472 million,

4   an increase of 34% over $353 million in the third quarter of 2002. The organic growth for the

5   quarter was 33% over the prior year, driven by growth in Titan's core National Security

6   Solutions business. Net income for the third quarter of 2003 was $15.2 million, or $0.18 per

7   share, compared with a net loss of $225 million or $2.89 per share for the third quarter of 2002.

8   Included in net income for the third quarter of 2003 was a charge of $0.8 million for expenses

9   related to the planned merger with Lockheed Martin Corporation, and a gain from discontinued

10  operations of $0.2 million. Included in the net loss for the third quarter of 2002 was a loss from

11  discontinued operations of $192 million, deferred compensation of $22 million, and exit and

12  restructuring costs of $47 million.

13      31.    In the same release, Titan further stated, citing continued gains in revenue,

14  improvements in operating margin, and exceptionally strong cash flow generation, that the

15  Company increased guidance for the balance of the current year and for FY 2004. Revised FY

16  2003 revenue guidance was $1.775 billion to $1.8 billion; GAAP earnings per share are

17  anticipated to be $0.54 to $0.56; and guidance for pro forma earnings per share had increased to

18  $0.72 to $0.74 per share. Revised FY 2004 revenue guidance was $2.1 billion to $2.2 billion,

19  and GAAP earnings per share are anticipated to be $0.87 to $0.93.

20      32.    Commenting on these results, defendant Ray stated:

21      "The record revenues and continued operating margin improvements this quarter
22      demonstrate our ability to execute our strategy of generating new business,
        winning recompetes, and implementing operational efficiencies[.]". . . "As
23      planned, we have grown our business organically as a provider of choice for
        mission critical communications and intelligence solutions for the Department of
24      Defense, Department of Homeland Security, and other federal agencies."

25                                        ***

26      "The outlook for the remainder of 2003 and for 2004 is robust, reflecting our
        record backlog, our expertise at executing large program awards, our strong bid
27      and proposal pipeline, and our proven ability to execute our business
        development initiatives. Titan is on track to achieve a 28% organic revenue
        growth rate for FY 2003," Ray said. "The most significant driver of that growth
28      is the expanding need for more, and increasingly sophisticated, C4ISR
        [command, control, communications, computers, intelligence, surveillance and

                                            8                    CLASS ACTION COMPLAINT

1    reconnaissance] systems, products and services, which is Titan's core
2    competency."

3        33.    On November 11, 2003, Titan filed its quarterly report on Form 10-Q.  The

4    Company's Form 10-Q was signed by the Invidivdual Defendants and reaffirmed the

5    Company's previously announced financial results.  Additionally, the Company represented the

6    following:

7        The accompanying financial information includes substantially all subsidiaries
     on a consolidated basis and all normal recurring adjustments which are
8    considered necessary by the Company's management for a fair presentation of
     the financial position, results of operations and cash flows for the periods
9    presented.

10       34.    The statements contained in ¶¶ 25 -28 and 30- 33 were each materially false and

11   misleading because the defendants failed to disclose and indicate:  (1) that foreign consultants

12   for Titan were engaging in questionable and potentially illegal activities; (2) that foreign

13   consultants for Titan made improper payments to foreign government officials in violation of

14   Foreign Corrupt Practices Act; (3) that Titan improperly accounted for the funds used in these

15   payments; and (4) as a result, Titan's improper accounting for such payments allowed Titan to

16   enter into a definitive merger agreement with Lockheed Martin.

17   **<u>The Truth Begins to Emerge</u>**

18       35.    On February 13, 2004, Titan announced that representatives of Lockheed Martin

19   and Titan recently initiated meetings with the Department of Justice and the Securities and

20   Exchange Commission to advise of an internal review relating to certain agreements between

21   Titan and international consultants and related payments in foreign countries. Lockheed Martin

22   and Titan had been informed that the Securities and Exchange Commission had commenced an

23   investigation into whether payments were made in violation of applicable law.  At this time,

24   Lockheed Martin had requested that Titan afford it access to all relevant information related to

25   its relationships with international consultants so that Lockheed Martin may review that

26   information in advance of the stockholders' meeting scheduled for March 16, 2004.  Titan

27   intended to cooperate fully with Lockheed Martin in accordance with the terms of the parties'

28   merger agreement.

36.     On news of this share of Titan fell 6.01%, or 1.31 per share to close at $20.49 per share.

37.     On March 5, 2004, Lockheed Martin announced that it had learned of allegations that improper payments were made, or items of value were provided, by consultants for Titan or its subsidiaries to foreign officials.  The allegations were identified as part of a review conducted with Titan of payments to Titan's international consultants in connection with the proposed acquisition of Titan (previously announced on September 15, 2003).  The alleged payments and provision of items of value, if true, raise questions concerning whether there has been a violation of the Foreign Corrupt Practices Act.  Lockheed Martin also indicated that it is reviewing with Titan whether the payments made by Titan to its consultants were accurately reflected on Titan's books and records.  The review was ongoing. Titan was cooperating with this effort, as well as conducting its own review.  Lockheed Martin and Titan had met with the SEC and the Department of Justice to discuss the allegations of improper payments. Additionally, Lockheed Martin and Titan were informed that the Department of Justice had initiated a criminal inquiry into this matter. As previously announced, the SEC had commenced an investigation into whether payments by Titan were made in violation of applicable law.

38.     Also on March 5, 2004, Titan confirmed that it had learned of allegations that improper payments were made, or items of value were provided, by consultants for the company or its subsidiaries to foreign officials.  The allegations were identified as part of an ongoing review conducted with Lockheed Martin Corporation of payments to Titan's international consultants in connection with the proposed acquisition of Titan by Lockheed Martin.  The alleged payments and provision of items of value, if true, raise questions concerning whether there has been a violation of the Foreign Corrupt Practices Act.  Titan also stated that it was reviewing whether the payments to its consultants were accurately reflected on Titan's books and records.

39.     News of this shocked the market with shares of Titan falling $1.82 per share to close at $19.11 per share.

40.    On March 22, 2004, <u>The Wall Street Journal</u> reported that internal investigators of both Titan and Lockheed Martin had found that Titan had made potentially improper payments oversees.  According to the article, Titan made millions of dollars in suspicious payments, some as recently as last year, while competing for business in Africa, the Middle East, and Asia.  Moreover, the article reported that the Company was scheduled to hold talks with the U.S. Justice Department about a possible plea agreement.

41.    On news of this shares of Titan fell $0.43 per share to close at $19.73 per share.

### UNDISCLOSED ADVERSE FACTS

42.    The market for Titan's common stock was open, well-developed and efficient at all relevant times.  As a result of these materially false and misleading statements and failures to disclose, Titan's common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Titan common stock relying upon the integrity of the market price of Titan's common stock and market information relating to Titan, and have been damaged thereby.

43.    During the Class Period, defendants materially misled the investing public, thereby inflating the price of Titan's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading.  Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

44.    At all relevant times, the material misrepresentations and omissions partic-ularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about Titan's business, prospects and operations.  These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Titan and its business, prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant

times.  Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.

45.    As alleged herein, defendants acted with scienter in that defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, defendants, by virtue of their receipt of information reflecting the true facts regarding Titan, their control over, and/or receipt and/or modification of Titan's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Titan, participated in the fraudulent scheme alleged herein.

46.    Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information which they caused to be disseminated to the investing public.  The ongoing fraudulent scheme described in this complaint could not have been perpetrated over a substantial period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

**Applicability Of Presumption Of Reliance:**
**Fraud-On-The-Market Doctrine**

47.    At all relevant times, the market for Titan's common stock was an efficient market for the following reasons, among others:

a.)    Titan's stock met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

b.)    As a regulated issuer, Titan filed periodic public reports with the SEC and the NYSE;

c.)    Titan regularly communicated with public investors <u>via</u> established market communication mechanisms, including through regular disseminations of press releases

1    on the national circuits of major newswire services and through other wide-ranging public

2    disclosures, such as communications with the financial press and other similar reporting

3    services; and

4            d.)    Titan is followed by several securities analysts employed by major

5    brokerage firms who wrote reports which were distributed to the sales force and certain

6    customers of their respective brokerage firms. Each of these reports was publicly available and

7    entered the public marketplace.

8        48.    As a result of the foregoing, the market for Titan's common stock promptly

9    digested current information regarding Titan from all publicly available sources and reflected

10   such information in Titan's stock price. Under these circumstances, all purchasers of Titan's

11   common stock during the Class Period suffered similar injury through their purchase of Titan's

12   common stock at artificially inflated prices and a presumption of reliance applies.

13   <center>**NO SAFE HARBOR**</center>

14       **49.**    The statutory safe harbor provided for forward-looking statements under certain

15   circumstances does not apply to any of the allegedly false statements pleaded in this complaint.

16   Many of the specific statements pleaded herein were not identified as "forward-looking

17   statements" when made. To the extent there were any forward-looking statements, there were

18   no meaningful cautionary statements identifying important factors that could cause actual

19   results to differ materially from those in the purportedly forward-looking statements.

20   Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking

21   statements pleaded herein, defendants are liable for those false forward-looking statements

22   because at the time each of those forward-looking statements was made, the particular speaker

23   knew that the particular forward-looking statement was false, and/or the forward-looking

24   statement was authorized and/or approved by an executive officer of Titan who knew that those

25   statements were false when made.

26

27

28

CLASS ACTION COMPLAINT

## FIRST CLAIM
### Violation Of Section 10(b) Of
### The Exchange Act And Rule 10b-5
### Promulgated Thereunder Against All Defendants

50.     Plaintiff repeats and reiterates the allegations set forth above as though fully set forth herein.  This claim is asserted against all defendants.

51.     During the Class Period, defendant Titan and the Individual Defendants, and each of them, carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: a) deceive the investing public, including Plaintiff and other Class members, as alleged herein; b) artificially inflate and maintain the market price of Titan's common stock; and c) cause Plaintiff and other members of the Class to purchase Titan's common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants Titan and the Individual Defendants, and each of them, took the actions set forth herein.

52.     These defendants: a) employed devices, schemes, and artifices to defraud; b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Titan's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  These defendants are sued either as primary participants in the wrongful and illegal conduct charged herein.  The Individual Defendants are also sued as controlling persons of Titan, as alleged below.

53.     In addition to the duties of full disclosure imposed on defendants as a result of their making of affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public, they each had a duty to promptly disseminate truthful information that would be material to investors in compliance with the integrated disclosure provisions of the SEC as embodied in SEC Regulation S-X (17 C.F.R. § 210.01 et seq.) and S-K (17 C.F.R. § 229.10 et seq.) and other SEC regulations, including accurate and truthful information with respect to the Company's operations, financial condition and

1 performance so that the market prices of the Company's common stock would be based on

2 truthful, complete and accurate information.

3       54.    Titan and the Individual Defendants, individually and in concert, directly and

4 indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails,

5 engaged and participated in a continuous course of conduct to conceal adverse material

6 information about the business, business practices, performance, operations and future prospects

7 of Titan as specified herein.

8       55.    These defendants employed devices, schemes and artifices to defraud, while in

9 possession of material adverse non-public information and engaged in acts, practices, and a

10 course of conduct as alleged herein in an effort to assure investors of Titan's value and

11 performance and continued substantial growth, which included the making of, or the

12 participation in the making of, untrue statements of material facts and omitting to state material

13 facts necessary in order to make the statements made about Titan and its business operations

14 and future prospects in the light of the circumstances under which they were made, not

15 misleading, as set forth more particularly herein, and engaged in transactions, practices and a

16 course of business which operated as a fraud and deceit upon the purchasers of Titan's securities

17 during the Class Period.

18       56.    Each of the Individual Defendants' primary liability, and controlling person

19 liability, arises from the following facts: a) each of the Individual Defendants was a high-level

20 executive and/or director at the Company during the Class Period; b) each of the Individual

21 Defendants, by virtue of their responsibilities and activities as a senior executive officer and/or

22 director of the Company, was privy to and participated in the creation, development and

23 reporting of the Company's internal budgets, plans, projections and/or reports; c) the Individual

24 Defendants enjoyed significant personal contact and familiarity with each other and were

25 advised of and had access to other members of the Company's management team, internal

26 reports, and other data and information about the Company's financial condition and

27 performance at all relevant times; and d) the Individual Defendants were aware of the

28

15                                                    CLASS ACTION COMPLAINT

1  Company's dissemination of information to the investing public which they knew or recklessly

2  disregarded was materially false and misleading.

3      57.    These defendants had actual knowledge of the misrepresentations and omissions

4  of material facts set forth herein, or acted with reckless disregard for the truth in that they failed

5  to ascertain and to disclose such facts, even though such facts were available to them.  Such

6  defendants' material misrepresentations and/or omissions were done knowingly or recklessly

7  and for the purpose and effect of concealing Titan's operating condition, business practices and

8  future business prospects from the investing public and supporting the artificially inflated price

9  of its securities.  As demonstrated by defendants' overstatements and misstatements of the

10  Company's financial condition and performance throughout the Class Period, the Individual

11  Defendants, if they did not have actual knowledge of the misrepresentations and omissions

12  alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking

13  those steps necessary to discover whether those statements were false or misleading.

14      58.    As a result of the dissemination of the materially false and misleading

15  information and failure to disclose material facts, as set forth above, the market price of Titan's

16  securities were artificially inflated during the Class Period.  In ignorance of the fact that market

17  prices of Titan's common stock were artificially inflated, and relying directly or indirectly on

18  the false and misleading statements made by defendants, or upon the integrity of the market in

19  which the securities trade, and/or on the absence of material adverse information that was

20  known to or recklessly disregarded by defendants but not disclosed in public statements by

21  defendants during the Class Period, Plaintiff and the other members of the Class acquired Titan

22  common stock during the Class Period at artificially high prices and were damaged thereby.

23      59.    At the time of said misrepresentations and omissions, Plaintiff and other

24  members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff

25  and the other members of the Class and the marketplace known of the true performance,

26  business practices, future prospects and intrinsic value of Titan, which were not disclosed by

27  defendants, Plaintiff and other members of the Class would not have purchased or otherwise

28  acquired their Titan common stock during the Class Period, or, if they had acquired such

1    securities during the Class Period, they would not have done so at the artificially inflated prices

2    which they paid.

3          **60.**     By virtue of the foregoing, Titan and the Individual Defendants have each

4    violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

5          **61.**     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and

6    the other members of the Class suffered damages in connection with their respective purchases

7    and sales of the Company's securities during the Class Period.

<div align="center">

**SECOND CLAIM**
**Violation Of Section 20(a) Of The Exchange Act Against**
**the Individual Defendants**

</div>

8

9

10          **62.**     Plaintiff repeats and reiterates the allegations as set forth above as if set forth

11    fully herein.  This claim is asserted against the Individual Defendants.

12          **63.**     Each of the Individual Defendants acted as a controlling person of Titan within

13    the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-

14    level positions with the Company, participation in and/or awareness of the Company's

15    operations and/or intimate knowledge of the Company's actual performance, the Individual

16    Defendants had the power to influence and control and did influence and control, directly or

17    indirectly, the decision-making of the Company, including the content and dissemination of the

18    various statements which Plaintiff contends are false and misleading.  Each of the Individual

19    Defendants was provided with or had unlimited access to copies of the Company's reports, press

20    releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or

21    shortly after these statements were issued and had the ability to prevent the issuance of the

22    statements or cause the statements to be corrected.

23          **64.**     In addition, each of the Individual Defendants had direct involvement in the day-

24    to-day operations of the Company and, therefore, is presumed to have had the power to control

25    or influence the particular transactions giving rise to the securities violations as alleged herein,

26    and exercised the same.

27          **65.**     As set forth above, Titan and the Individual Defendants each violated Section

28    10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of

<div align="center">17</div>

1  their controlling positions, the Individual Defendants are liable pursuant to Section 20(a) of the

2  Exchange Act.  As a direct and proximate result of defendants' wrongful conduct, Plaintiff and

3  other members of the Class suffered damages in connection with their purchases of the

4  Company's securities during the Class Period.

5      **WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

6          a.)      Determining that this action is a proper class action, designating Plaintiff

7  as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal

8  Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

9          b.)      Awarding compensatory damages in favor of Plaintiff and the other Class

10  members against all defendants, jointly and severally, for all damages sustained as a result of

11  defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

12          c.)      Awarding Plaintiff and the Class their reasonable costs and expenses

13  incurred in this action, including counsel fees and expert fees; and

14          **d.)**      Such other and further relief as the Court may deem just and proper.

15                  **JURY TRIAL DEMANDED**

16      Plaintiff hereby demands a trial by jury.

17  DATED:                                        GERGOSIAN & GRALEWSKI LLP
                                                 EDWARD M. GERGOSIAN
18                                               ROBERT J. GRALEWSKI, JR.

19

20

21                                               EDWARD M. GERGOSIAN

22                                               550 West C Street, Suite 1600
                                                 San Diego, CA  92101
23
                                                 SCHRIFFRIN & BARROWAY, LLP
24                                               MARK A. TOPAZ
                                                 RICHARD A. MANISKAS
25                                               Three Bala Plaza East
                                                 Suite 400
26                                               Bala Cynwyd, PA 19004

27

28

18                                               CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAULEY GELLER BOWMAN &
RUDMAN, LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
200 Broadhollow Road, Suite 406
Melville, NY 11747

CLASS ACTION COMPLAINT

**CERTIFICATION OF NAMED PLAINTIFF**
**PURSUANT TO FEDERAL SECURITIES LAWS**

I, (print name) __JANET Y CHEUNG__ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transaction(s) in the **Titan Corporation (NYSE: TTN)** security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 200 | Buy | 9/16/03 | $21.28 |
| | | | |
| | | | |

[1]List additional transactions on a separate sheet of paper, if necessary.

5. Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring a suit to recover for investment losses.

6. During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party on a class in the following actions filed under the federal securities laws (if none, so indicate): _____

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __12th__ day of __March__, 2004

Signature

JANET Y. CHEUNG
Print Name

CHEUNG et. al, v. THE TITAN CORPORATION , et al
ADDENDUM TO CIVIL COVER SHEET

PLAINTIFFS' COUNSEL

*GERGOSIAN & GRALEWSKI LLP*
EDWARD M. GERGOSIAN (105679)
ROBERT J. GRALEWSKI, JR. (196410)
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:  (619) 230-0104
Facsimile: (619) 230-0124

SCHRIFFRIN & BARROWAY, LLP
MARK A. TOPAZ
RICHARD A. MANISKAS
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
(610)-667-7706

CAULEY GELLER BOWMAN &
RUDMAN, LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
200 Broadhollow Road, Suite 406
Melville, NY 11747
(631)-367-7100

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

JANET CHEUNG

**DEFENDANTS**

THE TITAN CORPORATION
GENE RAY
MARK SOPP
DEANNA LUND

*FILED*

*04 APR -6 PM 12: 33*

*CLERK, U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*

*BY:                    DEPUTY*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   ALAMEDA CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**   SAN DIEGO CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

SEE ATTACHED

**ATTORNEYS (IF KNOWN)**

'04 CV  0701 JAH (LSP)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question
  (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)**

15 U.S.C. §§ 78j(b) and 78t(a) – violations of the federal securities laws.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal Injury | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☒ |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See   JUDGE                    Docket Number**

DATE 4/5/04

(# 102515   150— MS

SIGNATURE OF ATTORNEY OF RECORD

Edward M. Gergosian