# USDC SCAN INDEX SHEET

















```
CGL    12/21/05    14:30
3:04-CV-00701   CHEUNG V. TITAN CORPORATION
*8*
*JGM.*
```

**ORIGINAL**

FILED

05 DEC 20 PM 1:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TITAN, INC. SECURITIES LITIGATION | ) Master File No. 04-CV-0676-LAB(NLS) ) ) (Consolidated with 04-CV-0701-K(NLS)) ) |
| This Document Relates To: | ) CLASS ACTION ) |
| ALL ACTIONS. | ) [~~PROPOSED~~] FINAL JUDGMENT AND ) ORDER OF DISMISSAL WITH PREJUDICE |

DATE: December 19, 2005
TIME: 10:30 a.m.
COURTROOM: The Honorable
    Larry Alan Burns

ENTERED ON 12-21-05



This matter came before the Court for hearing on December 19, 2005, pursuant to an Order of this Court, filed September 27, 2005, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of July 22, 2005 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, as fully recited on the record, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Plaintiffs, the Settlement Class and each of the Settlement Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Settlement Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for purposes of effectuating this settlement, a Settlement Class of all members of the Securities Class (defined below) and the Holder Class (defined below). Excluded from the

Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of Titan, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Actions. The Securities Class is defined as all Persons who purchased Titan securities between July 24, 2003 and June 25, 2004, inclusive. The Holder Class is defined as all Persons who held the common stock of Titan at any time from August 3, 1999 through and including July 23, 2003, and continued to hold such stock on June 26, 2004.

6. With respect to the Settlement Class, this Court finds for purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff and the Holder Plaintiffs are typical of the claims of the Securities Class and Holder Class, respectively; (d) the Lead Plaintiff and Plaintiffs' Co-Lead Counsel have fairly and adequately represented and protected the interests of all members of the Securities Class and the Holder Plaintiffs and Holder Counsel have fairly and adequately represented and protected the interests of all members of the Holder Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Israel Shurkin is certified as the Class Representative for the Securities Class, and Paul Berger is certified as the Class Representative for the Holder Class. This class certification

shall automatically dissolve without further prejudice to the right of any party to seek or oppose class certification if entry of this Final Judgment is reversed or materially modified on appeal.

8. Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

10. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation and the Released Claims.

11. The distribution of the Notice of Pendency and Proposed Settlement of Class Actions and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Any order regarding the Plan of Allocation submitted by Plaintiffs' Counsel and any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used

as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way and by stipulation of the parties, the Magistrate Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. Nothing in this Final Judgment shall preclude any action to enforce the terms of the Stipulation or this Final Judgment.

16. The Settling Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansion of the Stipulation and all Exhibits attached to the Stipulation, provided that such amendments, modifications and expansions of the Stipulation are not materially inconsistent with this Final Judgment and do not materially limit the rights of the Settlement Class Members under the Stipulation.

17. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null

1  and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,
2  in such event, all orders entered and releases delivered in connection herewith shall be null and void
3  to the extent provided by and in accordance with the Stipulation.   **IT IS SO ORDERED.**

5  DATED: __12-19-05__          _/s/ Larry A. Burns_
                                 THE HONORABLE LARRY ALAN BURNS
6                                UNITED STATES DISTRICT JUDGE

7  Submitted by:

8  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
9  REED R. KATHREIN
   JAMES W. OLIVER
10 100 Pine Street, Suite 2600
   San Francisco, CA 94111
11 Telephone: 415/288-4545
   415/288-4534 (fax)
12
   LERACH COUGHLIN STOIA GELLER
13   RUDMAN & ROBBINS LLP
   JOY ANN BULL
14 BRIAN O. O'MARA

16 _/s/ Joy Ann Bull_
      JOY ANN BULL
17
18 655 West Broadway, Suite 1900
   San Diego, CA 92101
   Telephone: 619/231-1058
19 619/231-7423 (fax)

20 ROBBINS UMEDA & FINK, LLP
   BRIAN J. ROBBINS
21 JEFFREY P. FINK
   CAROLINE A. SCHNURER
22 STEVEN R. WEDEKING
   610 West Ash Street, Suite 1800
23 San Diego, CA 92101
   Telephone: 619/525-3990
24 619/525-3991 (fax)

25 Co-Lead Counsel for Plaintiffs

LABATON SUCHAROW & RUDOFF LLP
LAWRENCE A. SUCHAROW
IRA A. SCHOCHET
100 Park Avenue, 12th Floor
New York, NY  10017-5563
Telephone: 212/907-0700
212/818-0477 (fax)

PASKOWITZ & ASSOCIATES
LAURENCE D. PASKOWITZ
60 East 42nd Street, 46th Floor
New York, NY  10165
Telephone: 212/685-0969
212/685-2306 (fax)

Counsel for the Holder Class

S:\Settlement\TitanCorpSec.set\JGT FINAL 00026485.doc

EXCL00001*

497 Mercury Ave. Apt. 203
Palm Bay, Florida 32909-3910
((321) 676-4051

TCRP1

October 19, 2005

Titan Shareholder Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA. 94912-8040

Subject:  Titan Inc. Securities Litigation Master File No. C-04-CV-0676-LAB((NLS)

Please exclude me from the settlement class "In re Titan Inc. Securities Litigation, Master File No. C-04-CV-0676-LAB((NLS)". I did not Purchase or Sell any shares of Titan Stock in the period between June 24, 2003 and June 25, 2004. I held 410 shares of Titan Common Stock on June 26, 2004

Sincerely,

Steven E. Hathaway

**Exhibit 1**



525 William Penn Place
Room 3418
Pittsburgh, PA 15259

## REQUEST FOR EXCLUSION

RECEIVED DDS

NOV 22 2005

CLAIMS CENTER

November 17, 2005

Claims Administrator
Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

**In re Titan, Inc. Securities Litigation; Master File No. C-04-CV-0676-LAB(NLS)**

On behalf of our client, please accept this letter as authorization to process the following request for exclusion from the above-mentioned class action.

Mellon Global Securities Services is acting as agent for:

- **CUQFUP01002**     **COMMONWEALTH OF PA - TREASURY**

Please see the attached report for the dates, prices, and number of shares of Titan Common Stock purchased and sold or held during the class period.

Also, please accept the enclosed documents as valid proof of transactions that took place during the class period. Copies of original broker confirmation slips are not accessible to our reorganization area. To the best of our knowledge, the enclosed documents are true and valid.

If you have any questions, please do not hesitate to call me at 412.236.3846.

Sincerely,

Robert M. Stein

Enclosures

Titan Inc. Securities Litigation
Titan Common Stock
CUSIP: 888266103

Transactions

| Acct | Account Title | TIN | CUSIP | Tr.Tp | Tr. Date | # Shares | Share Price | Commission | Trans Total |
|---|---|---|---|---|---|---|---|---|---|
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | H | 08/02/1999 | 0.000 | 0.0000 | 0.00 | 0.00 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | R | 08/01/2000 | 19.000 | 0.0000 | 0.00 | 0.00 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | R | 08/18/2000 | 2,024.000 | 0.0000 | 0.00 | 0.00 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | S | 02/18/2003 | -2,043.000 | 11.2500 | 113.07 | 22,870.68 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | R | 05/23/2003 | 20.000 | 0.0000 | 0.00 | 0.00 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | S | 07/09/2003 | -20.000 | 10.8300 | 1.12 | 215.48 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | H | 07/23/2003 | 0.000 | 0.0000 | 0.00 | 0.00 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | R | 03/23/2004 | 602.000 | 0.0000 | 0.00 | 0.00 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | S | 05/25/2004 | -602.000 | 19.1500 | 30.10 | 11,498.20 |
| CUQFUP01002 | COMMONWEALTH OF PA - TREASURY | 23-6003133 | 888266103 | H | 06/26/2004 | 0.000 | 0.0000 | 0.00 | 0.00 |

Mellon Global Securities Services

 **Mellon**

525 William Penn Place
Room 3418
Pittsburgh, PA 15259

November 17, 2005

Claims Administrator
Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

**In re Titan, Inc. Securities Litigation; Master File No. C-04-CV-0676-LAB(NLS)**

Dear Claims Administrator:

We are requesting that you confirm receipt of the contents of this package by signing and mailing or faxing this letter to us. A duplicate copy of this letter has been enclosed for your records. **This must be returned within two weeks of receipt of information.** If copy of this letter is not returned Mellon will assume all items on this list have been received and accounted for. Please confirm receipt of the following:

_____  1 Exclusion Request Letter With Required Supporting Documentation

It is understood that your signing this letter only confirms receipt of the exclusion request and does not guarantee that the request will be accepted.

Thank you,

Robert M. Stein
V (412) 236-3846
F (412) 234-8430

Enclosures



RECEIVED DDS

NOV 23 2005

CLAIMS CENTER

November 15, 2005

Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Subject: Titan, Inc. Securities Litigation
Master File No. C-04-CV-0676-LAB(NLS)

Please be advised that we wish to be excluded from the Holder Class for the subject litigation. We currently hold 30 shares of Titan common stock which we acquired some time ago as a result of a merger by Titan with a company in which we held common stock. In correspondence from EQUISERVE in April 2004 our Account Number was 0000676315. (We do not know if this account number was assigned by Titan Corporation or by EQUISERVE at that time.)

It is our understanding that this exclusion only applies to the litigation in the US Southern District Court of California, and not to the litigation in New Castle County, Delaware. Please advise if this understanding is not correct.

Sincerely,

Theodore P. Lynch, Owner
Elizabeth Lynch Bise, Co-owner

2252 Lisa Lane
Pleasant Hill, CA 94523